NUMBER 13-09-00428-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

DEBORAH CASTILLO RUIZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

_____________________________________________________________


On appeal from the County Court at Law No. 3


 of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion Per Curiam


 Appellant, Deborah Castillo Ruiz, attempted to perfect an appeal from a conviction
for driving while intoxicated. We dismiss the appeal for want of jurisdiction.

 Sentence in this matter was imposed on May 1, 2009. No motion for new trial was
filed. Notice of appeal was filed on July 16, 2009. On July 24, 2009, the Clerk of this Court
notified appellant that it appeared that the appeal was not timely perfected. Appellant was
advised that the appeal would be dismissed if the defect was not corrected within ten days
from the date of receipt of the Court's directive. On August 28, 2009, appellant responded
by filing a motion to extend the time to file a notice of appeal, explaining that her appeal
was delayed because of her circumstances concerning her home and family.

 Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed or suspended
in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). The
time within which to file the notice may be enlarged if, within fifteen days after the deadline
for filing the notice, the party files the notice of appeal and a motion complying with Rule
10.5(b) of the Texas Rules of Appellate Procedure. See id. 26.3. 

 Appellant's notice of appeal was due to have been filed on or before June 1, 2009. 
See Tex. R. App. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file
her notice of appeal within fifteen days after the deadline for filing the notice as permitted
by Texas Rule of Appellate Procedure 26.3, and did not file her notice of appeal until July
16, 2009. 

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to dismiss the
appeal for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex. Crim. App. 1999). Appellant's pro se motion to extend the time to file the notice of
appeal is hereby DENIED.

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 1st day of October, 2009.